**STATE, Appellee, v Wening, Appellants.**

Common Pleas, Lucas County

M. C. No. 462433. C. P. No. 164462

## OPINION

By HACKETT, J.

The action was brought in the municipal court of Toledo under an affidavit alleging a violation of §12477, GC of Ohio. The affidavit reads in part as follows:

"Personally appeared Wade Haroun, who being duly sworn according to law on said oath deposeth and saith that on the 12th day of September, 1945, in the City of Toledo in said County of Lucas and State of Ohio, Arthur Wening and Charles Wening unlawfully, wilfully and maliciously did injure and destroy certain property, to-wit: porch light, front door glass, screen door of the value of $35.00 and the property of affiant, and further deponent saith not; contrary to the form of the statute in such case made and provided."

Sec. 12477 GC of Ohio, provides as follows:

"Whoever maliciously destroys or injures property not his own, if the value of the property destroyed, or the injury done is $100.00 or more, shall be imprisoned in the penitentiary not less than one year nor more than seven years, or, if the value is less than that sum, shall be fined not more than $500.00 or imprisoned not more than thirty days or both."

Sec. 1579-286 GC of Ohio, provides that the municipal court shall have and exercise original jurisdiction within the limits of the City of Toledo in all actions and proceedings of which justices of the peace have or may be given jurisdiction.

Sec. 1579-298 GC of Ohio (municipal court of Toledo) provides that in all criminal cases and proceedings the practice and procedure and mode of bringing and conducting prosecutions for offenses, and the power of the court in relation thereto, shall be the same as those which are now or may hereafter be conferred upon police courts in municipalities.

Jurisdiction of police courts is defined by §4577 GC of Ohio, as follows:

"The police court shall have jurisdiction of, and to hear, finally determine and to impose the prescribed penalty for,

any offense under any ordinance of the city and of any misdemeanor committed within the limits of the city, or within four miles thereof. The jurisdiction of such court to make inquiry in criminal cases shall be the same as that of a justice of the peace. Cases in which the accused is entitled to a jury trial shall be so tried unless a jury is waived."

The jurisdiction of a justice of the peace in felonies is limited by §13422-2 GC of Ohio, to a preliminary examination, and he is authorized thereby only to discharge the accused or to recognize him to be and appear before the proper court.

Appellants were arrested by police officers of the City of Toledo on September 12, 1945 and were tried on September 18, 1945 on the affidavit hereinbefore set forth, charging that they had committed the offense of malicious destruction of property. Defendants were found guilty. Motion for new trial was filed and overruled and defendants were sentenced each to "ten days in county jail and pay a fine of $10.00 and the costs taxed at $13.50 each. Days suspended during good behavior." Notice of appeal was given and bill of exceptions signed, sealed and allowed October 25, 1945.

In their assignments of error in this Court defendants set forth six separate specifications. This Court considers it unnecessary to discuss any other than specification No. 1 by which appellants attack the jurisdiction of the municipal court to render final judgment under §12477 GC of Ohio, for the reason that the offense charged therein is a felony and that defendants could be put upon trial therefor only after presentment or indictment by the grand jury as provided in Article 1, Section 10, of the Constitution of Ohio.

**Art. 1, Sec. 10** of the **Constitution** of Ohio provides in part as follows:

"No person shall be held to answer for a capital, or otherwise infamous crime, unless on presentment or indictment of a grand jury."

**Sec. 12372 GC** of Ohio, provides that offenses which may be punished by death or by imprisonment in the penitentiary are felonies, and that all other offenses are misdemeanors.

As the punishment for the offense charged herein **may be** imprisonment in the penitentiary under §12477 **GC** this fixes its character and makes it a felony notwithstanding the fact that it may also be punished as a misdemeanor.

The Ohio case frequently cited by the text writers is **Seitz v Medical Board, 24 Oh Ap 154,** (motion to certify overruled in the Supreme Court). In this case the sentence was discretionary and the defendant was committed to the county jail for six months. The question then arose whether the defendant had been guilty of a felony. The court stated in the opinion as follows:

"The rule generally is that an offense is a felony if it may be punished by imprisonment in the penitentiary **regardless of what penalty is actually imposed.** The authorities are well collected in 8 Ann. Cases 821, and this state is clearly in line with the current of authority." **McKelvy v State, 87 Oh St 1.**

This principle is set forth in **12 O. Jur. Paragraph 5, Page 47** as follows:

"The fact that an offense may be punished by fine and imprisonment in the county jail does not make it a misdemeanor only. If the punishment for an offense may be imprisonment in the penitentiary, this fixes its character and makes it a felony notwithstanding the fact that it may also be punished as a misdemeanor."

**Sec. 12819 GC** (carrying concealed weapons) describes penalty and violation in the following language:

"Shall be fined not to exceed $500.00 or imprisoned in the county jail or workhouse not less than thirty days nor more than six months or imprisoned in the penitentiary not less than one year nor more than three years."

The Attorney-General of the State of Ohio in his opinion found in Opinions of the Attorney General, Volume 1, 1923, Page 42, says as follows:

"It is my opinion that in concealed weapons cases inasmuch as the penalty may be imprisonment in the penitentiary under §12819 GC a justice of the peace may not exercise final jurisdiction but may only bind over to the grand jury."

It is plain, therefore, that the jurisdiction of the municipal court of Toledo to make inquiry in criminal cases is

the same as the jurisdiction of a justice of the peace or a judge of a police court; that is to say, the jurisdiction of the municipal court of the City of Toledo is limited to a preliminary examination and it is authorized only to discharge the accused or to recognize him to be and appear before the proper court.

Defendants' motions to be discharged made at the close of all the testimony should have been granted. The judgment of the municipal court is reversed and the defendants are discharged at the cost of appellee.