THE STATE OF OHIO, APPELLANT, *v.* WENING ET AL.,

(No. 4223—Decided June 2, 1947.)

*Mr. Joel S. Rhinefort,* prosecuting attorney, *Mr. Jerome Jesionowski* and *Mr. Louis R. Young,* for appellant.

*Mr. Charles J. McLaughlin,* for appellees.

CONN, J. This is an appeal on questions of law from a judgment entered by the Court of Common Pleas reversing the finding and judgment of the Municipal Court of the city of Toledo.

The defendants were charged in the Municipal Court, Criminal Division, with malicious destruction of property and arrested upon a state warrant issued on an affidavit wherein it was alleged that defendants "unlawfully, wilfully and maliciously did injure and destroy certain property, to wit: Porch light, front

door glass, screen door, of the value of thirty-five dollars * * *."

At the conclusion of the evidence in the trial court a motion to discharge defendants was overruled and defendants were found guilty and each sentenced to ten days in the county jail and fined $10 and costs.

On appeal to the Court of Common Pleas the judgment of the Municipal Court was reversed for "error in said proceedings" and the defendants discharged.

The specific ground for reversal of the judgment does not appear in the journal entry of the Court of Common Pleas but our attention has been called to the opinion of the court, reported in *State* v. *Wening,* 46 Ohio Law Abs., 340, 69 N. E. (2d), 785, wherein the court held that as the punishment for malicious destruction of property, as provided in Section 12477, General Code, and upon which this prosecution is predicated, may be imprisonment in the penitentiary, the offense is a felony and the jurisdiction of the Municipal Court of Toledo is limited to preliminary examination, and that court is not authorized to hear the case on its merits and enter judgment.

Crimes are broadly classified by statute as felonies and misdemeanors. Those crimes which are punishable by death or by imprisonment in the penitentiary are felonies and all other offenses are misdemeanors. Section 12372, General Code.

Section 12477, General Code, provides as follows:

"Whoever maliciously destroys or injures property not his own, if the value of the property destroyed, or the injury done is one hundred dollars or more, shall be imprisoned in the penitentiary not less than one year nor more than seven years, or, if the value is less than that sum, shall be fined not more than five

hundred dollars or imprisoned not more than thirty days, or both."

Under the mandatory provisions of this section, the offense of malicious destruction of property is a felony where the value of "the property destroyed, or the injury done is one hundred dollars or more" and "if the value is less than that sum," the offense is a misdemeanor. This section therefore defines two offenses, and provides punishment for either, to wit, a felony and a misdemeanor. It is not a statute prescribing certain acts as felonious and conferring upon the court authority to punish such acts by imprisonment in the penitentiary or jail, as the court might deem proper.

In the instant case, the value of the property destroyed is alleged to be less than $100, to wit, $35, and therefore the crime charged is a misdemeanor.

The jurisdiction of the Municipal Court of Toledo in misdemeanor cases is the same as that conferred on justices of the peace and police courts. Sections 1579-286 and 1579-298, General Code.

It follows that the jurisdiction of the Municipal Court in the instant case was not limited to a preliminary examination of the defendants, but that court had the power to determine the guilt or innocence of the defendants and enter judgment accordingly.

The judgment of the Court of Common Pleas is reversed and the cause is remanded to that court with directions to determine any other assignments of error.

*Judgment reversed and cause remanded.*

STUART and CARPENTER, JJ., concur.